UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FELDMAN LAW GROUP, P.C., et al.,          :
                                          :
                    Plaintiffs,           :         **SUMMARY ORDER**
                                          :
         -against-                        :         10-CV-4878 (DLI) (RML)
                                          :
LIBERTY MUTUAL INSURANCE CO.,             :
                                          :
                    Defendant.            :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

This action was initiated by plaintiffs on October 22, 2010. On December 13, 2010, defendant filed a request for a pre-motion conference, seeking to file a motion to transfer this action to the U.S. District Court for the Southern District of New York ("SDNY"). Plaintiffs responded on December 21, 2010, expressing their opposition to the transfer.

In their opposition letter, plaintiffs do not dispute that this action might have been brought in the SDNY. Rather, plaintiffs argue that their choice of forum is nevertheless entitled to great weight. Indeed, plaintiff's choice of forum is generally accorded great weight. However, when "'the transactions or facts giving rise to the action have no material relation or significant connection to plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and in fact is given reduced significance.'" *Romano v. Banc of Am. Insurances Servs.*, 528 F. Supp. 2d 127, 130 (E.D.N.Y. 2007) (citations omitted). Here, the operative facts giving rise to this matter have absolutely no relation to this district, but appear to have occurred in the SDNY. Plaintiffs justify their choice of forum by pointing to the convenience that litigating in this courthouse will provide to their attorneys (*e.g.*, courthouse proximity to law offices and residences). Setting aside the fact that the SDNY courthouse is approximately one mile from this courthouse, which severely undercuts the possibility that

1

litigating this matter in the SDNY will provide any material inconvenience to plaintiffs' attorneys, the convenience of attorneys is immaterial in deciding whether to transfer venue.

Thus, the court finds that it is in the interests of justice to transfer this action to the SDNY, pursuant to 28 U.S.C. § 1404(a).

SO ORDERED.

DATED: Brooklyn, New York
         January 19, 2011

                                                  /s/
                                     DORA L. IRIZARRY
                               United States District Judge